

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MANUEL ROSADO, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | No. 06 C 801 |
| JOHN CHAMBERS, ) Warden, Danville Correctional Center[1] ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This is a petition for a writ of habeas corpus filed pro se by Manuel Rosado, who is presently in the custody of the Illinois Department of Corrections, although recently paroled.[2] For the reasons stated below, the petition is denied.

### I. Procedural History

Following a bench trial in the Circuit Court of Cook County (case number 02-CR-27180), Rosado was convicted on April 15, 2003, of possession of a stolen motor vehicle and possession of burglary tools. He was sentenced to concurrent terms of ten and three years, respectively. Rosado appealed to the Illinois Appellate Court, First District. His conviction was affirmed on February 4, 2005. His petition for leave to appeal to the Illinois Supreme Court was denied on September 29, 2005. He filed this petition for a writ of habeas corpus on December 27, 2005, within one year of the date the judgment became final by the conclusion of direct review. The petition is therefore timely under 28 U.S.C. § 2254(d)(1)(A).

---

[1] Manual Rosado was transferred into the custody of the Danville Correctional Center subsequent to the filing of this action. Accordingly, Chambers is substituted as the proper party respondent. *See* Rule 2(a) of the Rules Governing § 2254 cases in the United States District Courts; FED.R.CIV.P. 25(d)(1) (an order of substitution may be entered at any time).

[2] Rosado was released on parole on October 5, 2007. Ill. Dept. of Corr. Inmate Search, http://www.idoc.state.il.us/subsections/search/inms.asp (last visited Nov. 9, 2007). Release to parole does not moot a habeas petition. *Jones v. Cunningham* 371 U.S. 236, 243, 83 S.Ct. 373, 377 (1963).

## II. The Claim

At sentencing, the trial court informed Rosado:

> [Y]ou do have a right to appeal the finding of guilty and sentence imposed. If you wish to do that, you must file with the Clerk of the Circuit Court or ask the Clerk to file for you, within 30 days of today's date, a notice of appeal. That will protect your rights to appeal both the finding of guilty and sentence that is imposed.

Respondent's Exhibit A, Brief of Defendant-Appellant in *People* v. *Rosado*, 1-03-2036, Dkt. No.18 (Apr. 11, 2006) at A-15, quoting R. 71. This admonition omitted the requirement of Illinois Supreme Court Rule 605(a)(3) that to avoid waiver defendant must first file in the trial court a motion to reconsider the sentence. He claims the admonition he received "did not allows [*sic*] a defendant 30 days to file a motion challenging the correctness of his sentence." Rosado's Petition for Writ of Habeas Corpus, Dkt. No. 5-2 (Dec. 27, 2005), at 9. Rosado contends that "fundamental fairness" requires that his case be remanded for a proper admonition pursuant to Rule 605(a).

## III. Legal Standards

Under the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus shall not issue with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication (1) was contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). In *Williams* v. *Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), the Supreme Court established an analytical framework to guide review of habeas claims, identifying the need to treat independently the "contrary to" and "unreasonable application" clauses of section 2254(d)(1).

2

With respect to the "contrary to" clause, a writ may issue if the state court decision "contradicts the governing law set forth in [Supreme Court] cases" or arrives at a different conclusion from the Supreme Court on "materially indistinguishable" facts. *Id.* at 405-06. With respect to the "unreasonable application" clause, a writ may issue if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. This "unreasonable application" inquiry, however, is limited, and the habeas court may only issue a writ where the state court's application of Supreme Court precedent was "objectively unreasonable." *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). For a state court decision to be considered unreasonable under this standard, it must lie "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) ("The state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case.") (internal citations and quotations omitted). Likewise, federal habeas courts evaluating state findings of fact must be "objectively convinced that the record before the state court does not support the state court's findings in question." *Ben-Yisrayl v. Davis,* 431 F.3d 1043, 1048 (7th Cir. 2005). State court fact determinations may be set aside only upon a finding of unreasonable error. *Ward v. Sternes,* 334 F.3d 696, 703 (7th Cir. 2003).

Petitioner raised his claim on direct appeal; thus, he has exhausted his available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732-33, 144 L. Ed. 2d 1 (1999) (prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.)

3

## IV. Discussion

On appeal to the Illinois Appellate Court, petitioner contended that he was not properly admonished under Illinois Supreme Court Rule 605(a)(3), which in relevant part requires that

> ... prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which a sentence is imposed a written motion asking to have the trial court reconsider the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing; . . . .

Rosado argued that the admonition he received was not clear regarding his right to file a motion challenging the sentence and, as a matter of fundamental fairness, his case should be remanded with instructions that he receive the proper admonition. He further asked the appellate court that he be permitted to file a motion challenging his sentence.

The Illinois Appellate Court held that defendant was not entitled to a remand for admonishment due to the incomplete admonition. It reasoned that because Rosado did not raise any substantive sentencing issues on appeal or claim that he had been precluded from raising any sentencing issues he "was not denied real justice or prejudiced by the trial court's incomplete admonishments." Rule 23 Order of Illinois Appellate Court, First District, *People v. Rosado*, 1-03-2036, Dkt. No. 18 (Apr. 11, 2006), Respondent's Exhibit D-10-11 (citing *People v. Valentin*, 347 Ill. App. 3d 946 (1st Dist. 2004)) (defendant not prejudiced by incomplete compliance with Rule 605(a) where defendant failed to identify any specific issue that was deemed waived by his not having been fully admonished about waiving issues relevant to sentencing if he did not include them in his motion to reconsider the sentence.). *See People v. Henderson* 217 Ill.2d 449, 841 N.E.2d 872 (2005) (remand not required where defendant was not admonished in strict compliance with Rule 605(a) where he has not shown prejudice).

4

The decision of the Illinois Appellate Court is consistent with the Illinois Supreme Court's interpretation of due process. *See People v. Breedlove,* 213 Ill.2d 509,517, 821 N.E.2d 1176,1181, 290 Ill.Dec. 602, 607 (2004) (Due process does not require remand for admonishment under amended Rule 605(a). And although petitioner does not explicitly state that he is even relying on the requirement of fundamental fairness implicitly contained within Fourteenth Amendment due process guarantees,[3] if this is his intention, his petition still must fail because he has not shown that the decision of the Illinois Appellate Court was contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court. Regarding sentencing admonitions, federal law requires only that the defendants convicted in federal court be apprised of "the right to appeal the conviction . . .[,] any right to appeal the sentence . . . [and] the right to ask for permission to appeal in forma pauperis." FED. R. CRIM. PROC. 32(j)(1)(A-C). Petitioner has cited and this court's own research has disclosed no case holding or suggesting that an incomplete but not inaccurate advice of a defendant's appellate rights at the time of sentencing is a deprivation of due process of law.

## V. Conclusion and Order

John Chambers, Warden, Danville Correctional Center is substituted as the respondent. For the reasons stated above, the petition for a writ of habeas corpus is denied.

Dated: November 9, 2007

ENTER:

JOAN HUMPHREY LEFKOW
United States District Judge

---

[3] *See Jones v. Thieret,* 846 F.2d 456, 459 (7th Cir. 1988) ("A federal court may not issue the writ on the basis of a perceived error of state law.").